140 So. 182

## MORRISON v. STATE.
### 6 Div. 861.

Court of Appeals of Alabama.
March 1, 1932.

J. M. Ward and Wright, Warren & Searcy, all of Tuscaloosa, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Briefs did not reach the Reporter.

BRICKEN, P. J.

In a decision of this case we may pretermit a discussion of the innumerable points of decision engendered by the exceptions to the court's rulings on the unusual scope of inquiry indulged and resorted to by the state on the trial of this case. The conviction of this appellant in the court below rested solely upon the testimony of state witness Hiram Squires, designated by appellant's counsel as, "State witness Extraordinary." This witness Squires was an admitted accomplice in the commission of the offense charged by the indictment against this appellant. At the close of the state's case, the defendant moved the court to exclude the evidence upon the grounds: (1) "That the State has not made out a case against the defendant, nor introduced any evidence which tends to connect the defendant with a commission of the crime with which he is charged. (2) That the evidence introduced by the State in this cause does not corroborate the evidence of the accomplice, Hiram Squires, the state's chief witness in this case." The second ground of this motion was well taken, and the exception reserved to the action of the court in overruling the motion must be and is sustained. The state failed to offer any proof to sustain the rule of evidence provided by section 5635 of the Code 1923. It is therein expressly provided: "A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense," etc.

For the error designated, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.